IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DEXAS INTERNATIONAL, LTD.,** | § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 4:25-cv-1440 |
| | § | |
| **TRIMAX SPORTS, INC. d/b/a PAWSATHLETICS,** | § § § | |
| | § | JURY DEMANDED |
| Defendant. | § | |

**ORIGINAL COMPLAINT WITH REQUEST FOR
PERMANENT INJUNCTIVE RELIEF AND DAMAGES AND JURY DEMAND**

Plaintiff, Dexas International, Ltd. ("Dexas"), for its complaint against Defendant Trimax Sports, Inc. d/b/a PawsAthletics ("Trimax Sports") alleges as follows:

## I.  NATURE OF THE CASE

1. This is an action at law and in equity for patent infringement arising under the Patent Act, 35 U.S.C. § 271 *et seq.*

2. Dexas is the creator of an innovative and popular line of pet care products known as Popware® for Pets.  This line includes the Dexas portable dog paw cleaner (the "Patented Design"), which is protected by U.S. Design Patent No. D799,126 ("the '126 Patent").

3. Trimax Sports is substantially copying without authorization the Dexas Patented Design, and is manufacturing, importing, offering for sale, and/or selling products (Accused Products) that are substantially the same as the Dexas Patented Design.  Trimax Sports is infringing on the '126 Patent, for which Dexas seeks damages and an injunction.

## II. THE PARTIES

4. Dexas is a limited partnership with its principal place of business at 585 South Royal Lane, Suite 200, Coppell, TX  75019-3807.

5. Upon information and belief, Defendant Trimax Sports is a corporation organized and existing under the laws of the Province of British Columbia, Canada, with its principal place of business located at 510 East Kent Avenue South, Vancouver, British Columbia V5X 4V6, Canada, and may be served at that address.

6. Defendant Trimax Sports conducts business throughout the United States, including within this judicial district, by manufacturing, marketing, distributing, offering for sale, and/or selling pet-related products, including the accused paw cleaner products.

7. PawsAthletics is, upon information and belief, a trade name, brand, or d/b/a used by Trimax Sports in connection with its retail and e-commerce operations. Trimax Sports operates the website https://pawsathletics.com through which it promotes and sells the accused paw cleaner products under the PawsAthletics brand.

8. At all relevant times, Defendant Trimax Sports doing business as PawsAthletics, has directly or indirectly made, used, offered to sell, sold, and/or imported into the United States products that infringe Plaintiff's design patent, including the paw cleaner product depicted in Exhibit 2.

### III. JURISDICTION AND VENUE

9. This is an action for patent infringement that arises under the Patent Act, 35 U.S.C. § 1, et seq.

10. This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

11. The Court has personal jurisdiction over Trimax Sports because Trimax Sports has purposefully used intermediaries to sell one or more Accused Products in the State of Texas through the stream of commerce and purposefully directed its activities at Texas residents and the residents of this Judicial District by placing Accused Products into established distribution

channels with expectation that they would be sold throughout the United States, including Texas and this Judicial District.  Further, Trimax Sports offers for sale Accused Products at: (link in this complaint was last accessed on December 22, 2025)

https://pawsathletics.ca/products/paw-cleaner-medium

and residents of the State of Texas and this Judicial District can and have viewed the Accused Product at this website addresses.  The website where the accused products can be purchased indicates that many Accused Products have been sold and shipped to the United States, and Trimax Sports therefore advertises and markets the Accused Products with the knowledge and intent that they can be sold and shipped to the United States, including the State of Texas and this Judicial District.

12. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant Trimax Sports Inc. is a foreign corporation organized under the laws of Canada with its principal place of business in Vancouver, British Columbia. Pursuant to 28 U.S.C. § 1391(c)(3), a defendant not resident in the United States may be sued in any judicial district. Accordingly, although Plaintiff Dexas International, Ltd. maintains its principal place of business in Dallas County, Texas (within the Northern District of Texas, Dallas Division), venue is also proper in the Eastern District of Texas, Sherman Division. In addition, Defendant has purposefully directed infringing sales into this District, including Collin County and surrounding areas, through its interactive commercial website accessible to consumers in this District. Therefore, venue in the Eastern District of Texas, Sherman Division, is proper.

## IV.  FACTUAL ALLEGATIONS

13. Dexas is a Texas-based designer and manufacturer of cutting boards, kitchen tools and gadgets, storage clipboard cases, and pet care and pet travel products. Dexas provides these innovative product designs to the world's leading retailers.

14. Based on the design innovation of the popular Dexas Popware® collapsible strainers and colanders kitchen products, Dexas created the Popware® for Pets line of pet care and pet travel products. These products include the Dexas portable dog paw cleaner, an adjustable pet feeder, collapsible travel cup, BrushBuster™ pet brush, collapsible kennel bowl, collapsible KlipScoop™ food scoop, and Pooch Pouch™ carrier.

15. Dexas invests great time and expense to bring their customers innovative and well-designed products for their personal use. To protect this investment, a core component of the Dexas business model is patent and intellectual property protection and enforcement.

16. On October 3, 2017, the United States Patent and Trademark Office duly and legally issued Design Patent No. D799,126 entitled "Pet Paw Washer," ("the '126 Patent"). A true and correct copy of the '126 Patent is attached hereto as Exhibit 1. The '126 Patent covers the Dexas portable dog paw cleaner and all substantially the same copies.

17. Dexas is the exclusive licensee of the '126 Patent. The exclusive license includes all substantial rights, including without limitation the right to manufacture, import, export, sell and offer for sale products that are covered by the '126 Patent, and all rights to sue, including but not limited to injunctive relief and recovery of monetary damages for infringement, for any past or future infringement of the '126 Patent.

18. Figure 1 of the '126 Patent is as follows:



19.  Trimax Sports is infringing the '126 Patent by making, selling, offering for sale, importing, and/or using accused products with an overall design substantially the same to the overall design claimed in the '126 Patent.  Infringement is occurring because an ordinary observer, giving such attention as a purchaser usually gives, would consider the Dexas Patented Design and the Accused Design to be substantially the same in light of the prior art.



Trimax Sports's Accused Product

20.  Trimax Sports advertises the Accused Products on the World Wide Web at least at: https://pawsathletics.ca/products/paw-cleaner-medium

## V. COUNT I:

### Patent Infringement

21.  Dexas realleges and incorporates the allegations set forth in paragraphs 1 through 20 as though fully set forth at length.

22.  Trimax Sports is directly infringing, inducing infringement, and/or contributing to the infringement of the '126 Patent by making, selling, offering for sale, importing, and/or using Accused Products with overall designs substantially the same as the overall design claimed in the '126 Patent.  Infringement is occurring because an ordinary observer, giving such attention as a

purchaser usually gives, would consider the Patented and Accused designs to be substantially the same in light of the prior art.

23. Trimax Sports's infringement has caused Dexas to suffer damages.

24. As an additional remedy, Dexas is entitled to an award of Trimax Sports's total profits earned from patent infringement.

25. Trimax Sports has caused irreparable damage to Dexas by Trimax Sports's acts of infringement as described above and will continue said acts of infringement unless permanently enjoined by this Court.  Dexas seeks a permanent injunction.

26. Dexas has placed the required statutory marking and notice on all products made and sold by it after the '126 Patent issued.

## VI. PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiff prays for a judgment against Trimax Sports as follows:

a. That U.S. Design Patent No. D799,126 is valid and enforceable;

b. That Trimax Sports has infringed U.S. Design Patent No. D799,126;

c. An award of damages to Dexas against Trimax Sports for infringement of U.S. Design Patent No. D799,126 under 35 U.S.C. § 284 or § 289;

d. That Trimax Sports, its agents, servants and employees and all those in privity, concert, or participation with any of them, be permanently enjoined from infringing U.S. Design Patent No. D799,126;

e. That this case be declared an exceptional case against Trimax Sports and an award of attorney fees to Dexas;

f. An award of prejudgment and post judgment interest and costs to Dexas; and

g. Such other and further relief as the Court deems proper and just.

## VII.  DEMAND FOR JURY TRIAL

Dexas, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demands a trial by jury on all issues triable by right by a jury.

Respectfully submitted,

*/s/ Robert G. Oake, Jr.*
Robert G. Oake, Jr.
Texas State Bar No. 15154300
**OAKE LAW OFFICE**
700 S. Central Expy., Suite 400
Allen, Texas 75013
(214) 207-9066
rgo@oake.com

**Attorney for Dexas International, Ltd.**